No. 59.—WILLIAM L. MONTIGUE, plaintiff in error, *vs.* JOB LEATR, defendant.

[1.] It is not necessary that a party plaintiff, in his affidavit to hold to bail, should set forth or describe the cause of his action, or the character of his debt.

Assumpsit and bail, in Bibb Superior Court. Decided by Judge FLOYD, July Term, 1849.

A motion was made in the Court below to dismiss the bail process in this case, on the ground that the affidavit of plaintiff did not describe or set forth the cause of action, or character of the debt on which defendant was held to bail.

The Court overruled the motion, and defendant excepted.

ANDERSON, for plaintiff in error, cited—

1 *Sellon's Pr.* 105, '8, '9.   1 *Tidd*, 183, '4.   1 *Chit. Pl.* 285.

POWERS, represented by COBB, for defendant.

*By the Court,*—NISBET, J. delivering the opinion.

[1.] The exception in this case is to the decision of the Court, on a motion to dismiss bail process.   The ground of the motion was, that the bail affidavit does not describe or set forth the cause of action or character of the debt.   The Court below held, that it was not necessary for plaintiff, in his affidavit, so to describe or set it forth, and we find no sufficient reason for reversing the decision.   Our Act must be held as superseding the English Statute of 12 *Geo. I.* and as dispensing with the practice which grew up under that Act in their Courts.   There is no reason here for setting forth fully the debt, or cause of action, in the affidavit to hold to bail, since that is required to be done in the declaration, by Statute.   The defendant is fully notified by the declaration, a copy of which is served upon him, of the character of the claim which the plaintiff sets up against him.   If the plaintiff swears falsely, he is as much amenable to the penal visitation of the law, as he would be if he were required to set forth the cause

of his action.   The party  here swears to  the amount  claimed,
and that he apprehends the loss of the debt, or some part thereof,
unless the defendant is held to bail.    That is  what the Statute re-
quires—no more and no less—and is, we think, sufficient.   *Prince,*
422.

Let the judgment be affirmed.