JOHN H. GILMORE, plaintiff in error, *vs.* CHARLES LIDDEN, defendant in error.

[1.] After judgment has gone against the principal, it is too late for the bail upon *scire facias* to object that the sum sworn to was double the amount claimed by the plaintiff in his declaration.

[2.] *Scire facias* issued against principal and bail, upon which the Sheriff made the following return; "Served the defendant with a copy of the within, personally." *Held,* that the service was good as to the bail, he having appeared and answered the case.

*Scire facias* on bail bond. Decision by Judge ALLEN, in Lee Superior Court, March Term, 1857.

Charles Lidden commenced his action of assumpsit against Silas Gladden, returnable to June Term of Lee Superior Court, 1854. The cause of action as set out in the declaration, was two promissory notes, one for $550.00, and the other for $96.25, making $646.25, besides interest. Defendant was served with process, 3d of April, 1854.

Pending the action, and before judgment, on the 16th of August, 1854, plaintiff made an affidavit for bail as provided by statute, in which he deposed that he had commenced his action of assumpsit against said Gladden, returnable to the June Term of Lee Superior Court, and in which action he claimed to be due the sum of $1246.00 by note, besides interest, and that he apprehended the loss of said sum or some part thereof if defendant was not held to bail, &c; whereupon the Clerk of the Court issued the order for bail, reciting that plaintiff had commenced his action of assumpsit against Gladden for the sum of $1246.00, besides interest.

The Sheriff, in execution of said order, took a bond from Gladden, with John H. Gilmore security for his appearance, &c., in the penal sum of $2492.00.

At December adjourned Term, 1854, plaintiff recovered judgment against defendant for the sum of $646.25 principal, and $90.77 interest, and cost of suit, upon which a *ca. sa.* issued 3d of April, 1855, and a return by the Sheriff of *non est inventus.*

*Scire facias* then issued against both Gladden and his bail, Gilmore, to shew cause why judgment should not be entered against them on the bail bond. The Sheriff, upon this, made the following return : "Served the defendant with a copy of the within, personally, this 18th of April, 1856."

At March Term, 1857, Gilmore, the bail, shewed for cause :

1st. Because it did not appear that the *scire facias* had been served on both defendants, or which had been served.

2d. Because the affidavit for bail claims the amount of $1246.00, besides interest, due on the notes, upon which suit was pending, whereas, the record of the cause produced by plaintiff, showed an action pending on notes for $646.25 principal, besides interest; consequently, there was no such suit pending in said Court as that described in the affidavit.

3d. Because there was no suit at law or judgment in favor of Lidden against Gladden, on or to which said affidavit and bail bond attached or applied.

4th.  Because the bail bond was void—it containing a stipulation not required by law, and which was prejudicial to the security—viz: that if the said Silas Gladden did not render his body to prison in  execution  of the same in terms of  the law, in such  cases  made and  provided,  and  upon  failure thereof, the said John H. Gilmore will do so for him.

The Court held the causes insufficient, and gave judgment against defendant, Gilmore, for the amount of principal, interest and cost of the plaintiff's demand.  Whereupon, defendant excepts.

R. F. LYON, for plaintiff in error.

VASON & DAVIS, WARREN & WARREN, for defendant in error.

*By  the  Court.*—LUMPKIN, J.  delivering the opinion.

[1.]  After judgment  has gone against the  principal,  can the bail, when sought to be charged by *scire facias* with the debt, object that the bail is excessive; that the sum sworn to is double the amount claimed in the declaration?

Without having entire  confidence in the point, we are inclined to think that the objection comes too late.   Excessive bail oppresses the  debtor;  he may  not be  able  to  give  it. Hence his right to except.   But what is it to the  bail?   He is under no compulsion to become bondsman.   His undertaking is optional.   No more than the actual debt can be recovered against  him,  whatever sum  may  be  sworn  to ;  and if, under these circumstances, the  principal acquiesces, why should he complain at the eleventh hour?

[2.]  As to the service, we  think it was sufficient.   The Sheriff returned that he served the *defendant*.   The  bail is the only defendant proper upon the *scire facias*.   The bail, in response to the writ, appears and defends.

Judgment affirmed.