## DEBOARD *vs.* BROOKS AND AMIS.

1. When in describing the case in which bail is taken, everything is recited in the bond but the name of the county where the action is pending ; and the bond purports to be executed in that county, a *prima facie* case of identity is made out to carry the case to the jury.
2. Where a judgment was rendered on the 28th October, 1857, and the *capias* was issued thereon on the 2d day of November thereafter ; and the clerk testified that he commenced immediately after court to make out his execution docket, and issued this process in its order. *Held*, That there was no such negligence on the part of the plaintiff, or the clerk as would discharge the bail.

Scire Facias, against Bail, in Oglethorpe superior court. Tried before Judge Thomas, April Term, 1859.

This was a scire facias sued out by J. J. Deboard against William F. Brooks, principal, and Thomas Amis, jr., security, on a bail bond, of which the following is a copy :

Georgia,        Know all men by these presents, Oglethorpe county, that we, William T. Brooks and Thomas Amis, Jr., are held and firmly bound unto J. J. Deboard, his heirs, executors and administrators, in the sum of five hundred and thirty-nine dollars and seventy cents, for which payment well and truly to be made and

done we bind ourselves, our heirs, executors and adminis-
trators, jointly and severally, firmly by these presents.
Sealed with our seals, and dated this 4th April, 1857.
The condition of the above bond is such, that whereas a
civil process requiring bail at the suit of J. J. Deboard,
against the said William T. Brooks, in an action of com-
plaint, &c., returnable to the superior court to be held on
the third Monday in April next, hath been served on said
William T. Brooks. Now if the said William T., in case
he be cast in said suit, shall well and truly pay and satisfy
the condemnation of the court, or render his body to prison
in execution of the same in terms of the law in such cases
made and provided, and upon failure thereof the said
Thomas Amis, jr., will do it for him, then the above obli-
gation to be void else to remain in full force.

　　(Signed.)　　　　　　　　WM. T. BROOKS. [L. S.]
　　　　　　　　　　　　　　　THOMAS AMIS, Jr. [L. S.]

Defendant objected to the admission, in evidence, of
said bond, on the ground that it did not designate the
county to which the action was returnable. The court
overruled the objection and admitted the bond in evidence.
To which decision counsel for defendant excepted.

Plaintiff next offered in evidence the capias ad satisfaci-
endum, which had been issued on the judgment rendered
in the suit of Deboard against Brooks. Defendant
objected to its introduction, upon the ground that it
appeared that the judgment was rendered on the 28th
October, 1857, and the capias did not issue till the 2d
November, 1857. The court overruled the objection and
admitted the ca sa.

The plaintiff further proved by the clerk that he issued
the capias ad satisfaciendum in its regular order. That
after a court adjourns he immediately begins to make out
an execution docket, and commences at once to issue
executions on judgments rendered at said term, issuing
them in their regular order. That he might have issued

the ca. sa. in this case earlier, if application had been made, but none being made he waited until he reached it in its order.

The presiding judge charged the jury that the bail was not liable—the capias ad satisfaciendum not having issued until 2d November, the judgment having been rendered 28th October previously.

Under this charge the jury found for the defendant Amis. Whereupon counsel for plaintiff excepted, and assigned as error the charge aforesaid.

T. R. R. COBB, B. F. HARDEMAN, and S. W. HARRIS, for plaintiff in error.

ROBT. TOOMBS, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

Both parties complain in this case; and by consent, the errors alleged by each have been heard.

Was the court right in overruling the exceptions which were taken to the bail bond—namely, that it did not recite the term of the court to which the action was returnable in which it was taken? The description is, "a civil process requiring bail at the instance of J. J. Deboard against the said William T. Brooks, in an action of complaint, &c., returnable to the superior court to be held on the third Monday in April next, and which has been served on the said William T. Brooks." We find in the record and in point of fact, an action in the superior court of *Oglethorpe* county, where this bond, from its caption, appears to have been taken, answering precisely to the recitals in the bond, and none is shown to be pending between those parties anywhere else. Is not the question of identity *prima facie*, at least satisfactorily made out? To my mind, such an objection is both technical and frivolous at this day. Does any one doubt that Thos.

Deboard vs. Brooks and Amis.

Amis knew *where* and when he was bound to see to it—Brooks, his principal, paid this debt or rendered his body to prison in execution of the same? Why does he pretend ignoranc then of his obligation in this respect? The period for such trifling is past.

2. The judgment was rendered in this case 28th of October, 1857, and the capias did not issue till the 2d November, 1857; and the presiding judge charged the jury, that by reason of this delay, the bail was discharged. We do not think so.

The clerk's testimony proves, that there was no unreasonable delay in issuing this process; and it is a mere question of diligence. The bail did not call for the *ca. sa.* within the five days. It was issued by the clerk in its order, in making out the execution docket. It was entitled by law to no special preference.

The decision of this case is attempted to be sustained by the ruling of this court in Lichten & Baker vs. Mott, (10 Ga. Rep. 138,) where it was held that for the purpose of fixing the liability of the bail, the *ca. sa.* against the principal, should be retained in the hands of the sheriff, until the next term of the court, to which it was by law returnable. It is said that the court there maintained that the process must remain in the hands of the officer the *whole* time between the judgment and the return term. We did say, that during the time that intervenes between the *test* and *return* of the *ca. sa.*, it must remain in the officer's hand, to be executed if practicable. There is no pretence that that was not done here. The test of the capias was the 2d November, and not the 28th October, 1857; and we repeat the only question in *this case* is, did the *ca. sa.* issue within a reasonable time. The case in 10th Georgia, does not raise or decide the point made here.

Judgment reversed.