JOHN H. NEWTON and JOHN J. M. McCULLOUGH, plaintiffs in error, *vs.* JOHN M. BAILEY, defendant in error.

NOTE. WARNER, C. J., did not preside in this case.

1. A Justice, before issuing an order for bail in an action for slander, need not hear evidence *pro* and *con*, but should so far examine the pleadings and other matters connected with the suit, as to enable him to fix the amount of bail.
2. The Court, on the trial of *scire facias* against the bail, cannot enquire whether the amount of the bond was onerous.
3. The Court, during the progress of the suit for slander, could reduce the amount of bail upon defendant's application.
4. Though the bond be not technically formal, if the recitals in it sufficiently show that it was taken as the bail bond in that case, the security can take nothing by this informality.
5. To fix bail, the *casa* may be returned before the next term after it was issued.

*Scire facias.* From the Superior Court of Jackson county. Tried before Judge HUTCHINS. February Term, 1867.

John M. Bailey brought an action for slander to August Term, 1859, of said Court, against John Horton.

Newton and McCullough *vs.* Bailey.

Pending the action, Bailey made before D. L. Garrett, a Justice of the Inferior Court of said county, an affidavit, alleging "that John Horton, of said county, is justly indebted to him in the sum of five thousand dollars in said case, for slanderous words spoken by said John Horton concerning said deponent; and that at the commencement of said action deponent did not require bail, and that deponent has reason to apprehend the loss of said sum or some part thereof if the said John Horton be not held to bail." Thereupon said Justice issued an order to "the Clerk of the Superior Court and the Sheriff of said county," commanding the Clerk to issue bail process for ten thousand dollars, and the Sheriff to execute the same. The Clerk issued ordinary process, without any order for bail. On the 11th January, 1861, the Sheriff arrested Horton, and took from him (and John H. Newton, Green R. Duke and John J. McCullough, as his securities,) a bond to pay the eventual condemnation money or render his body to prison.

At February Term, 1866, Bailey obtained judgment against Horton for $300.00 and costs. *Casa* issued against Horton 23d June, 1866, and a return of *non est inventus* was made only two days thereafter.

*Scire facias* against the said securities was issued, returnable to August Term, 1866.

At March Term, 1867, the *scire facias* was amended by an allegation, that at the time it issued Green R. Duke was dead, and that twelve months had not elapsed since the grant of letters of administration on his estate.

At February Term, 1867, attorneys for Bailey moved judgment upon the *scire facias*, and introduced the records and papers establishing the facts aforesaid.

Defendant's attorneys resisted the motion on these grounds:

1st. That the bond was joint, that Duke was dead, and his representatives should be a party.

2d. Because the *casa* was returned prior to the term of the Court at which it was returnable.

3d. Because the bond is not a bail bond, it is a mere private contract between the parties, and has no connection with

any bail process, nor refers to any proceeding for bail, and if defendants are liable on it, it must be by suit.

The recital in the bond is, "Whereas, a civil suit in an action for words is now pending in Jackson Superior Court, at the instance of John M. Bailey, against John Horton, for the sum of $5,000.00. Now, if Horton fails to appear or pay eventual condemnation, the said securities will pay the amount of the judgment obtained in said case and the costs for him."

4th. Because for bail in actions *ex delicto*, the Judge upon hearing the facts, is to fix the amount of bail, but the Judge did not examine the facts, but permitted plaintiff to fix the amount.

5th. The bail is excessive.

The Court overruled the objections, and allowed judgment to be entered against the defendants in *sci. fa.* . Defendants assign this action of the Court as error.

JUNIUS HILLYER and LAMAR COBB for plaintiff in error.

L. P. THURMOND, (represented by W. HOPE HULL,) for defendant in error.

HARRIS, J.

Pending the action of slander, plaintiff below made his affidavit and applied to a Justice of the Inferior Court for an order to hold the defendant in the slander suit to bail. It was granted. The plaintiffs in error became bail for defendant below, and now when it is sought to charge them by *sci. fa.*, they except to the order granting bail, the amount, etc. The power used by the Justice in granting bail, in cases sounding in *tort*, is conferred by statute. The affidavit, whilst it is perhaps not in as clear a form as it should have been, is distinct enough to furnish a foundation for the order to hold to bail. See Montigue vs. Leatr. 7 Ga., 366.

1. The objection that the Justice did not hear the facts previous to fixing the amount of bail, is assumed and supported by no testimony in the record—but we do not under-

Newton and McCullough *vs.* Bailey.

stand that such direction to the person applied to for the bail order was ever meant to require the officer to hear testimony *pro* and *con*—indeed, enter upon a miniature trial involving the supposed merits of the case, probabilities of recovery of damages and their amount, but an enquiry sufficiently wide into the pleadings and other matters connected with the suit as would furnish him with *criteria* or means of fixing with fairness the amount of bail.

2. We cannot go behind the judgment in this case on *sci. fa.* to pronounce upon the question raised as to what should have been a proper amount. See Gilmore vs. Lidden, 23 Ga., 14.

3. The defendant in slander, during the progress of the suit, could have applied to the Judge of the Superior Court to reduce the amount of bail required and given, and we make no doubt that the Court would have reduced it if the case properly authorized the reduction. This objection comes too late.

4. But it is alleged that the bond in this case is not a bail bond, but a mere private contract between the parties, and that it has no connexion with the bail process, etc. It may be conceded, too, that this bond, like the affidavit, is deficient in form, yet it recites the pendency of the suit in Jackson Superior Court for words against Horton and for the recovery of $5,000.00, and to it is a condition for the appearance of Horton, or the payment of the eventual condemnation money, or judgment obtained in the case, etc. Is not its connexion with the bail process and the suit *for words* sufficiently shown by these recitals to authorize us in treating this bond as a paper in the case?

" *Id certum est quod certum reddi potest,*" is a trite old law maxim, but furnishes in itself a full answer to the last objection we have noticed. See Deboard vs. Brooks *et al*, 28 Ga., 365·

Objection was also made as to the return of the *casa* into office before the full period of time between the Courts had elapsed.

To fix bail, this is allowed.   See Code, Sec. 3349.

The case in all respects is against plaintiff in error.

Judgment affirmed.